UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| **LELAND FOSTER**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:21-cv-12292 |
| v. | ) | |
| | ) | |
| **Lodging Enterprises, Inc.**, a Michigan corporation for profit, | ) | Judge: |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, LELAND FOSTER, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. and Valerie J. Fatica, Co-Counsel for Plaintiff, hereby files this Complaint against Defendant **Lodging Enterprises, Inc.** for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendants as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendants' violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original

1

jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3.  Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*.  The Defendants' property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## **PARTIES**

4.  Plaintiff, LELAND FOSTER  ("Plaintiff") is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5.  Defendant **Lodging Enterprises, Inc.,** upon information and belief**,** operate and own the Wingate by Wyndham Brighton located at 8285 Movie Dr, Brighton, MI 48116 in Livingston County. Plaintiff has patronized Defendant's hotel as an overnight guest on no fewer than two separate occasions previously as a place of public accommodation.

6.  Upon information and belief, the facilities owned by **Lodging Enterprises, Inc.** are non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA.  Defendant's facilities as a hotel and place of public accommodation fails to comply with the ADA and its

regulations, as also described further herein.

7.      Plaintiff is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.  On September 2-3, 2019 and August 4-5, 2021, Plaintiff was a transient lodging patron at the property that forms the basis of this lawsuit as an overnight hotel guest and plans to return to the property to avail himself of the goods and services offered to the public at the property.

8.      Plaintiff has for many years obtained once weekly physical therapy services in Howell, MI located in Livingston County and continues to do so at the present.  On these visits to the area for medical services the Plaintiff will occasionally obtain overnight lodging.

9.      Additionally, plaintiff is an avid adaptive sports enthusiast and participates regularly with the active local adaptive sports community, including hand cycle events and tennis in Southeast Michigan. Leland Foster travels to Brighton to participate in adaptive sporting events and has many friends in the area whom he socializes with regularly, and frequents many establishments in the Livingston County region.

10.     Plaintiff has been a customer and stayed as an overnight guest at the property that forms the basis of this lawsuit.  On September 2-3, 2019 and August 4-5, 2021, Plaintiff was a transient lodging patron at the property that forms the basis of this lawsuit as an overnight hotel guest and plans to return to the property to avail himself of the goods and services offered to the public at the property. During the Plaintiff's stay on the nights of September 2, 2019 and August 4, 2021, Plaintiff encountered architectural barriers at the

3

subject property that violate the ADA and its regulations.  The barriers to access at the property have endangered Plaintiff's safety.

11.   Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

12.   Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in

4

violation of the ADA by the Defendants. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

13.    The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

14.    The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

15.    A preliminary inspection of the **Wingate by Wyndham Brighton**, including its facilities, has shown that many violations of the ADA exist.  These violations include, but are not limited to:

Accessible Routes and Parking

A.  Access aisles do not lead to an accessible route due to the presence of curbs, in violation of the ADA whose remedy is readily achievable.

B.  There is no accessible route from the designated accessible parking to the entrance due to a lack compliant curb cuts and any curb cuts or ramps in most instances, in violation of the ADA whose remedy is readily achievable.

C.  There are cracks and changes in level along the accessible route from the designated accessible parking spaces to the entrance including missing and broken pavers and cracked concrete, in violation of the ADA whose remedy is readily achievable.

D.  The designated accessible parking does not contain any designated van accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

E.  The passenger loading zone does not contain required marked access aisle and otherwise does not comply with the requirements of the ADA whose remedy is readily achievable.

Lobby Restrooms:

F.  The door to the men's restroom requires greater than 5lbs of pressure to operate, in violation of the ADA whose remedy is readily achievable.

G.  The men's restroom flush control is not located on the open side of the water closet, in violation of the ADA whose remedy is readily achievable.

H.  The men's restroom toilet compartment door lacks door pulls on both sides and swings into the required clear floor space around the water closet, in violation of the ADA whose remedy is readily achievable.

I.  The men's restroom does not have required clear floor space around the water closet due to an inward-swinging toilet compartment door, in violation of the ADA whose remedy is readily achievable.

J.  The toilet paper dispenser is not mounted in compliance with the 2010 Standards, in violation of the ADA whose remedy is readily achievable.

K.  The mirror above the sink is mounted in excess of 40 inches above the finish floor to the reflective surface, in violation of the ADA whose remedy is readily achievable.

L.  Upon information and belief, the women's restroom contains similar barriers to accessibility, in violation of the ADA whose remedy is readily achievable.

2 Queen, non smoking, mobility accessible guestroom fitted with a roll-in shower

M.  There is insufficient clearance around the water closet, partly due to the presence of the lavatory, in violation of the ADA whose remedy is readily achievable.

N.  The water closet flush control is not located on the open side of the unit, in violation of the ADA whose remedy is readily achievable.

O.  There is not a 60 inch wide minimum clearance to access the roll-in type shower compartment because it is blocked by the lavatory, in violation of the ADA whose remedy is readily achievable.

P.  The controls, faucets, and shower spray unit are not installed on the back wall

6

adjacent to the fixed shower seat wall and are not located a maximum of 27 inches from the seat wall, in violation of the ADA whose remedy is readily achievable.

Q. The handheld shower sprayer does not have an on/off control with a non-positive shutoff, in violation of the ADA whose remedy is readily achievable.

R. Upon information and belief there exist additional itemized barriers to handicap access in violation of the ADA implementing regulations which will be identified during discovery.

Mobility Accessible Room 138

S. The faucet controls in the bathtub are not located between the centerline and the edge of the tub, in violation of the ADA whose remedy is readily achievable.

T. The handheld shower sprayer is located in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

U. Grab bars in the tub unit are missing and non-compliant, in violation of the ADA whose remedy is readily achievable.

V. There is not the required clear floor space around the water closet due to the presence of the lavatory, in violation of the ADA whose remedy is readily achievable.

W. The restroom mirror is located over 40 inches from the finish floor to the reflective surface, in violation of the ADA whose remedy is readily achievable.

X. There are carpet thresholds in the room that exceed ¼ inch, in violation of the ADA whose remedy is readily achievable.

Y. There are amenities in the guestroom, including a microwave, iron, and extra towels located in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

Z. Some curtain adjusters are located above allowable reach range and require tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

AA.    The room lamp switch is located above allowable reach range, in violation of the ADA whose remedy is readily achievable.

BB.    Upon information and belief there exist additional itemized barriers to handicap access in violation of the ADA implementing regulations which will be identified during discovery.

Guest Rooms:

7

CC.   The hotel's designated accessible guestrooms are not disbursed among the various classes of guestrooms, whereas the property offers a Presidential Suite, King Bed Studio Superior Suite, 2 Queen Beds One-Bedroom Deluxe Suite, King Bed Studio Deluxe Suite, 2 Queen Beds Studio Suite, 1 King Bed Studio Suite, standard King bed room, standard 2 queens room.  Each offers varying square footage and amenities. However, guests who require accessible accommodations are restricted to fewer room classes and guestroom amenities, which upon information and belief mobility accessible guest lodging includes strictly standard king bed and standard 2 queens bed rooms, whereas able-bodied patrons and guests have access to reserve and stay at the full range of room classes. This is in violation of the ADA and its remedy is readily achievable.

DD.   Upon information and belief the Wingate by Wyndham Brighton has a legally insufficient total number of hotel guestrooms fitted with mobility accessible features. Whereas, for a property with 106 guestrooms such as this Wingate, there must be a minimum of 5 mobility accessible guestrooms without a roll-in shower and a minimum of 2 of mobility accessible guestrooms with a roll-in shower, totaling 7 designated mobility accessible guestrooms.

EE.   Upon information and belief, as well as of review of published photos by hotel management, Leland Foster believes substantially similar barriers to handicap access for the mobility impaired exist in all guestrooms that are designated as mobility accessible guestrooms throughout the hotel (not just rooms 138 and other identified above). Including the other roll-in shower fitted mobility accessible guestrooms and bathtub fitted mobility accessible guestrooms.

Access to Goods and Services:

FF. The transaction counter in the lobby exceeds the required height allowance, in violation of the ADA whose remedy is readily achievable.

GG.   There are items in the breakfast area located above allowable reach range, in violation of the ADA whose remedy is readily achievable.

HH.   There are not at least 5% of accessible dining surfaces in the lobby breakfast area, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures

II. The Defendants lack or have inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

JJ. The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has

resulted in discriminatory conduct toward Leland Foster.

16. The discriminatory violations described in Paragraph 15 by Defendant **Lodging Enterprises, Inc.** is not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public accommodation and facilities in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation, facilities and operations in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

17. Plaintiff restates the allegations of ¶¶1-16 as if fully rewritten here.

18. The hotel at issue, as owned and operated by **Lodging Enterprises, Inc.**, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

19. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendants' failure to comply with Title III of the Americans with Disabilities Act and its

9

accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

20.     The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm.  Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

21.     Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendants to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## <u>COUNT II</u>
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
### M.C.L. § 37.1301 *et seq.*

22.     Plaintiff restates the allegations of ¶¶1-21 as if fully rewritten here.

23.     **Lodging Enterprises, Inc.** operates a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

24.     Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges.

25.     Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Office of Owen B. Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
dunnlawoffice@sbcglobal.net

and

/s/ Valerie J. Fatica
Valerie J. Fatica (0083812)
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
valeriefatica@gmail.com
*Admitted to bar of the E. District of MI